

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00064-CR

CODY WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F1634-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

As a result of his violent encounter with a juvenile he met online, a Bowie County jury convicted Cody Williams of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams,[1] aggravated kidnapping,[2] unlawful possession of a firearm by a felon,[3] and aggravated robbery.[4] The charges were consolidated for trial, and a jury convicted Williams of all charges. The jury assessed Williams's punishment at four years' imprisonment for possession of a controlled substance, fifty years' imprisonment for aggravated kidnapping, eight years' imprisonment for unlawful possession of a firearm by a felon, and twenty years' imprisonment for aggravated robbery. The trial court imposed the assessed sentence and ordered that they run concurrently.

In this appeal, Williams appeals his conviction for aggravated kidnapping.[5] Williams contends that the trial court erred when it struck a venireperson for cause and denied his request to sever the charge of unlawful possession of a firearm by a felon for a separate trial and that there was insufficient evidence of the use of a deadly weapon to support his conviction for aggravated kidnapping. We will affirm the trial court's judgment of conviction.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 20.04(b).

[3]*See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Supp.).

[4]*See* TEX. PENAL CODE ANN. § 29.03(a)(2).

[5]In our cause numbers 06-23-00063-CR, 06-23-00065-CR, and 06-23-00066-CR, Williams appeals his convictions for possession of a controlled substance, unlawful possession of a firearm by a felon, and aggravated robbery, respectively.

Regarding Williams's first and second issues, Williams raised identical issues and made virtually identical arguments in the appeal of his possession of a controlled substance conviction. Because these issues are identical to those addressed in our opinion in cause number 06-23-00063-CR, we overrule these issues for the reasons stated in that opinion.

## I.    Background

On November 12, 2021, Williams asked his friend, Ryan, and Ryan's sixteen-year-old cousin, D.J., to drive him from Mount Pleasant to Texarkana to meet a juvenile, J.N.,[6] whom Williams met online. Upon their arrival in Texarkana, Williams and his friends met J.N. in a parking lot located in the 3600 block of North State Line Avenue. J.N. was in a vehicle driven by her friend, N.B. In the parking lot, Williams left the vehicle driven by D.J. and got into the backseat of N.B.'s vehicle.

When the girls refused to accompany him to either Dallas or Mount Pleasant, Williams became aggressive and cursed the girls, then reached in the vehicle's console and took forty dollars that belonged to N.B. N.B. attempted to get her money back, but Williams lifted his shirt, showed her a firearm in his waistline, and told her, "[D]on't try." Because she feared for her life, N.B. exited the vehicle and ran into a store to call the police.

Meanwhile, Williams exited N.B.'s vehicle, dragged J.N. from the vehicle to D.J.'s vehicle, forced her into the backseat, and got in after her. J.N. screamed and fought with Williams. When Williams told D.J. to "drive, drive, drive," D.J. began driving south on State Line Avenue. As they drove on State Line Avenue, J.N. continued to scream and fight with

---

[6]We identify persons who were minors at the time of the offense by their initials. *See* TEX. R. APP. P. 9.10.

Williams, and she tried to open the vehicle's back door. J.N. testified that Williams kept slapping her, and every time she tried to open the door, he hit her with something heavy that she believed to be a pistol. At one point, she realized that Williams had been hitting her with a gun the entire time.

When the vehicle reached the 2400 block of State Line Avenue, it passed a vehicle occupied by undercover officers of the Texarkana, Arkansas Police Department. The officers heard a female voice scream, "[H]elp me," and observed one of the doors open and a female attempt to exit the vehicle. The officers turned around, pulled behind the vehicle, and activated their emergency lights. At that point, J.N. exited the vehicle, ran, and screamed, "[H]elp me, help me, help me." The officers approached the vehicle, observed a firearm, and detained Williams and his friends. The firearm was on the center console of the vehicle, within reach of all the occupants.

When Williams was initially detained, he told the officer that he had drugs in his pocket. Officer Scott from the Texarkana, Texas Police Department arrived and searched Williams. She found a little baggie that contained what she believed to be marihuana, some multi-colored pills she believed to be Ecstasy,[7] and money in his right front pocket. She testified that "the firearm on the center console" "had one [cartridge] in the chamber and [only] one in the magazine." Scott also testified that J.N. told her that Williams tried to keep her in the car and slapped her in the head. J.N. also told her that some of the slaps were harder and that she felt like the gun was in his hand.

---

[7]Tests from the Texas Department of Public Safety Crime Laboratory later revealed that the pills contained 1.09 grams of methamphetamine.

**II.     Sufficient Evidence Supported the Jury's Verdict**

In his third issue, Williams argues that there was insufficient evidence that he used a deadly weapon to support his aggravated kidnapping conviction. Although he acknowledges that there was sufficient evidence that he committed a kidnapping and that he possessed a firearm during the offense, he argues that there was insufficient evidence that he used the firearm during the commission of kidnapping.

**A.     Standard of Review**

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of

5

proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

In our review, we consider "events occurring before, during and after the commission of the offense[,] and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). It is not required that each fact "point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* "Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Paroline v. State*, 532 S.W.3d 491, 498 (Tex. App.—Texarkana 2017, no pet.) (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13). "Further, 'we must consider all of the evidence admitted at trial, even if that evidence was improperly admitted.'" *Williamson*, 589 S.W.3d at 297–98 (quoting *Fowler v. State*, 517 S.W.3d 167, 176 (Tex. App.—Texarkana 2017), *rev'd in part by* 544 S.W.3d 844 (Tex. Crim. App. 2018)).

The jury, as "the sole judge of the credibility of the witnesses and the weight to be given their testimony[,] . . . may 'believe all of [the] witnesses' testimony, portions of it, or none of it.'" *Id.* at 297 (second alteration in original) (quoting *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014)). "We give 'almost complete deference to a jury's decision when that decision

is based upon an evaluation of credibility.'" *Id.* (quoting *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008)).

### B. Analysis

A person commits kidnapping "if he intentionally or knowingly abducts another person." TEX. PENAL CODE ANN. § 20.03(a). A person commits aggravated kidnapping if, among other things, he "uses or exhibits a deadly weapon during the commission of the [kidnapping]." TEX. PENAL CODE ANN. § 20.04(b). Because Williams acknowledges that there was sufficient evidence that he committed the offense of kidnapping, we limit our review to whether there was sufficient evidence that he used or exhibited a deadly weapon during the commission of kidnapping J.N. Under the statute and the indictment, to convict Williams of aggravated kidnapping, the State had to show, beyond a reasonable doubt, that Williams used or exhibited a deadly weapon, namely, a handgun and/or firearm, during the kidnapping of J.N. *See id.* "A firearm is a deadly weapon per se." *Rhymes v. State*, 536 S.W.3d 85, 98 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Williams v. State*, 502 S.W.3d 262, 270 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see* TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (Supp.).

In this case, the jury heard Scott testify that J.N. told her that she felt like Williams had a gun in his hand when he was slapping her. J.N. testified on direct that she knew Williams had a gun during the kidnapping, that he hit her with something heavier than his hand, and that she saw the gun and realized he had been hitting her with it the entire time. On redirect, she reiterated that, although she did not know what she was being hit with in the beginning, during the fight, she saw that she was being hit with a gun.

7

Nevertheless, Williams contends that, because J.N. agreed on cross-examination that she did not see what he was hitting her with and agreed that it could have been a cell phone, there was no direct evidence that he struck her with a gun. Consequently, Williams argues, there was insufficient evidence that he struck her with a firearm. However, because the jury was "the sole judge of the credibility of the witnesses and the weight to be given their testimony," it could "believe all of [the] witnesses' testimony, portions of it, or none of it." *Williamson*, 589 S.W.3d at 297 (alteration in original) (quoting *Thomas*, 444 S.W.3d at 10)). In addition, "the jury 'may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life'" when it draws reasonable inferences from the evidence. *Id.* (quoting *Duren v. State*, 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet. struck)). For that reason, the jury could have reasonably reconciled J.N.'s testimony on cross-examination with the remainder of her testimony and concluded that she was testifying about what she saw at different times during the altercation.

Based on this record, we find that a rational jury could find beyond a reasonable doubt that Williams used or exhibited a firearm during the commission of the kidnapping. As a result, we find that sufficient evidence supported Williams's conviction for aggravated assault. We overrule this issue.

8

## III.    Disposition

For the reasons stated, we affirm the trial court's judgment.


Charles van Cleef<br>Justice

Date Submitted:    November 14, 2023
Date Decided:      November 27, 2023

Do Not Publish